UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY E. BURNSIDE,

    Plaintiff,

v.

File No. 1:08-CV-928

HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                      /

**MEMORANDUM OPINION AND ORDER REGARDING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are Plaintiff's objections to the Magistrate Judge's Report and Recommendation ("R&R"). The Court is required review *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Although those portions of the R&R are reviewed *de novo*, a deferential standard of review is applied to the Commissioner's decision. In particular, the Commissioner's decision will be affirmed "if it is supported by substantial evidence." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 237-38 (6th Cir. 2002). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a

different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). "If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

Plaintiff objects to the Magistrate Judge's determination that the administrative law judge ("ALJ") correctly applied the law regarding Plaintiff's credibility and argues that the ALJ's credibility determination was not based on substantial evidence in the record. This objection is specific and the relevant section of the R&R will be reviewed *de novo*. Plaintiff also notes that his "positions are set forth in his earlier briefs and [that] he will not reargue all those positions or attempt to refute each of the Magistrate Judge's conclusions." "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). To the extent that Plaintiff's statement regarding his positions set forth in earlier briefs is an objection, it is a "general objection." Accordingly, this Court will review *de novo* the section of the R&R on the ALJ's credibility determination, and the balance of the R&R will be reviewed for clear error.

In this case, the ALJ was required to make a credibility determination. *See* 20 C.F.R. § 404.1529, *and Berry v. Comm'r of Soc. Sec.*, 289 F.App'x 54, 56 (6th Cir. 2008). As the Magistrate Judge correctly noted in the R&R, the reviewing court must accord great weight

and deference to the ALJ's determination of credibility.

Plaintiff argues that the ALJ improperly based his credibility determination on Plaintiff's noncompliance with treatment: "[i]n determining that Plaintiff was not disabled during the relevant time period, the ALJ stated that he did not find Plaintiff's testimony credible because he failed to lose weight or stop smoking." (Dkt. No. 10, Pl.'s Initial Br., at 14.)[1] Plaintiff argues that such considerations are improper in this case, where one of his severe impairments is obesity. (A.R. 21); *see* SSR 02-1p, 2002 SSR LEXIS 1 (Sept. 12, 2002) ("We will rarely use 'failure to follow proscribed treatment' for obesity to deny or cease benefits.").

Plaintiff's arguments are out of place. It is true that the ALJ discussed Plaintiff's noncompliance with treatment in recounting Plaintiff's testimony, (A.R. 26), and the Magistrate Judge focused on this noncompliance in evaluating the ALJ's credibility determination, (Dkt. No. 14, R&R, at 12-13). However, after careful review of the record, the Court finds that the ALJ did not rely on Plaintiff's noncompliance with treatment in making his credibility determination. Rather, the ALJ concisely summarized his grounds for finding that Plaintiff was not credible as follows:

> While the undersigned does not doubt that the claimant experiences difficulty,

---

[1] Typically, noncompliance with treatment can be used as a basis for denial of benefits in Social Security disability claims determinations. *See* 20 C.F.R. § 404.1530 ("In order to get benefits, you must follow treatment prescribed by your physician if this treatment can restore your ability to work. . . . If you do not follow the prescribed treatment without a good reason, we will not find you disabled.").

3

> his statements concerning his impairments and their impact on his ability to work are not entirely credible in light of claimant's own description of his activities and lifestyle, the degree of medical treatment required, the claimant's demeanor at the hearing, the reports of the treating and examining practitioners, the medical history, the findings made on examination, and the claimant's assertions regarding his ability to work.

(A.R. 27.) These are proper bases for finding that Plaintiff lacks credibility, and they suggest that the ALJ did not rely on noncompliance with treatment in making the credibility determination.[2] Most importantly, when read in light of the ALJ's extensive analysis of Plaintiff's testimony, they constitute specific reasons for finding a lack of credibility, they are supported by the substantial evidence in the case record, and they are sufficiently specific to make clear to the Court the weight the ALJ gave to Plaintiff's statements and the reasons for that weight. *See* SSR 96-7p, 1996 SSR LEXIS 4 (July 2, 1996).

The ALJ notes first that Plaintiff's "statements concerning his impairments and their impact on his ability to work are not entirely credible in light of claimant's own description of his activities and lifestyle . . . ." An ALJ may consider the claimant's household and social activities in evaluating a claimant's assertions of symptoms. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997); *Blacha v. Sec'y of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *Crisp v. Sec'y of Health and Human Servs.*, 790 F.2d 450, 453 (6th Cir. 1986). In filling out his Social Security function report in late December of 2004,

---

[2]The Court makes no finding as to whether noncompliance with treatment is a proper consideration in making a credibility determination, even if it would not be a proper basis for denying or discontinuing benefits.

4

Plaintiff admits that, as late as 2004, he was able to work at art all day, care for pets, prepare his own meals, and do housework. (A.R. 88-90.) By contrast, in his testimony before the ALJ, Plaintiff says that his condition had been constant or declining, and even in 2002 he could not do any cooking or housework. (A.R. 347, 348.) The ALJ acted properly when he took these factors into account.

Additionally, in his initial brief, Plaintiff asserts that "[t]he ALJ noted that Plaintiff used a cane and was not very active prior to December 31, 2002. [(A.R. 26.)] However, he also stated, 'The claimant was able to ambulate without an assistive device.' [(A.R. 24.)] Those findings are inconsistent." (Dkt. No. 10, Pl.'s Initial Br., at 20.) This is inaccurate. The quote from A.R. 24, to the effect that Plaintiff was able to walk without an assistive device, is indeed a finding of the ALJ. The finding is supported by evidence from Plaintiff's own description of his activities and lifestyle, the degree of medical treatment required, and the reports of the treating and examining practitioners. (*See*, *e.g.*, A.R. 88-90, 156-163, 205, 221, 250, 252, and 316.) The full quote from A.R. 26, on the other hand, relates to Plaintiff's testimony: "[t]he claimant *testified* that he required the use of a cane and was not very active." (Emphasis added.) To the extent that the two statements are inconsistent, it is not an inconsistency in the ALJ's findings but rather an inconsistency between the ALJ's findings and Plaintiff's testimony. "Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect." *Rogers*

5

*v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007).

Finally, as already noted, an ALJ may evaluate a witness's demeanor as an element in determining credibility. While "the ALJ is not free to make credibility determinations based solely upon an intangible or intuitive notion about an individual's credibility," *id.* at 247, "the ALJ's opportunity to observe the demeanor of the claimant is invaluable, and should not be discarded lightly," *Berry*, 289 F.App'x at 56 (6th Cir. 2008) (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981)). Here, the ALJ found that Plaintiff's demeanor at the hearing advocated against a finding of credibility. Such determinations are in the particular purview of the ALJ. *See Gooch*, 833 F.2d at 592 ("the reviewing court not having seen the claimant in the flesh, . . . we will not normally substitute our impressions on the veracity of a witness for those of the trier of fact.") (internal punctuation omitted). In this case, the Court is particularly reluctant to find error given the ALJ's extensive analysis of Plaintiff's testimony and his discussion of Plaintiff's credibility.

It may be that Plaintiff's testimony is entirely accurate and credible. It may be that had this Court stood in place of the ALJ, the determinations resolving this case may have come out differently. But that is not the issue before the Court today. What the Court must determine is whether the ALJ correctly applied the law and whether his credibility determination is supported by substantial evidence. This Court concludes that the ALJ has correctly applied the law and that his credibility determination is supported by substantial evidence.

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that, with the exceptions noted herein, the March 4, 2010, Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits is **AFFIRMED**.

Dated: September 10, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE